JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
Section 61-8-403, MCA, allows any person whose license has been suspended pursuant to § 61-8-402, MCA, to petition the district court for a hearing. The majority has concluded that the district court can only resolve three issues at that hearing: (1) whether the peace officer had reasonable grounds to believe that the petitioner operated his vehicle under the influence of alcohol; (2) whether the petitioner had been arrested; and (3) whether the petitioner refused to submit to blood-alcohol tests. However, the majority ignores the final sentence of § 61-8-403, MCA, which provides that “[t]he court shall determine whether the petitioner is entitled to a license or is subject to suspension or revocation.”
*380 The last sentence of § 61-8-403, MCA, necessarily requires that the district court determine whether the petitioner’s license was properly suspended in the first place. The only procedure for suspension of a driver’s license under the circumstances which exist in this case is provided for in § 61-8-402(3), MCA. That section specifically requires that the officer who seizes a driver’s license for refusal to submit to a blood-alcohol test must send the license with a sworn statement to the Department of Justice and that the license shall not be suspended until “receipt of the report....” Therefore, I conclude that in making the determination which is required by § 61-8-403, MCA, — that is whether petitioner’s license was subject to suspension — the District Court must necessarily decide whether the statutory procedure provided as a prerequisite for suspension was followed. In this case, based on the report which was admitted at the time of petitioner’s hearing without objection by the State, the correct procedure was not followed.
The majority states that, because of lack of notice, neither the County Attorney’s Office nor the Department of Justice had an opportunity to present the actual report. That would be of greater concern if it was not the County Attorney who provided the copy to petitioner in the first place, and if the District Judge had not given the County Attorney an opportunity to call the officer back to the stand in order to determine whether the copy admitted conformed in all respects to the original. Based on my review of the transcript, the County Attorney expressed no interest in resolving that issue when given the opportunity to do so at the time of the hearing.
For these reasons, I conclude, based on the record before us, that petitioner’s license was not properly suspended. I dissent from the opinion of the majority and would reverse the judgment of the District Court.
JUSTICE HUNT joins in the foregoing dissent.